**POLSINELLI PC**
*A Missouri Professional Corporation*
GABRIEL LEVINSON, ESQ. (NJ ID: 023581998)
New Jersey Resident Shareholder
600 Third Avenue, 42nd Floor
New York, NY 10016
(212) 413-2853
glevinson@polsinelli.com

*Attorneys for Plaintiffs Nail Alliance, LLC
and Nail Alliance – North America, Inc.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NAIL ALLIANCE, LLC, a Delaware limited liability company, and NAIL ALLIANCE – NORTH AMERICA, INC., a California corporation,<br><br>Plaintiffs,<br><br>-against-<br><br>TTN BEAUTY, an entity of unknown origin, LUXE NAILS & SPA, an entity of unknown origin, TAI NGUYEN, an individual, KY M. NGUYEN, GIAU NGUYEN, an individual, CUONG HUNG NGUYEN, an individual, and DOES 1-10, INCLUSIVE,<br><br>Defendants. | Civil Action No.:  1:21-cv-03140-CCC-ESK |

**DECLARATION OF DARNELL STANISLAUS, ESQ.
IN SUPPORT OF PLAINTIFFS' COMPLIANCE AND INVENTORY REPORT**

I, Darnell Stanislaus, of full age, hereby declares to the Court as follows:

1. I am an associate in the New York City office of the law firm Polsinelli PC ("Polsinelli"), attorneys for Plaintiffs Nail Alliance LLC and Nail Alliance – North America, Inc.

(collectively, "Plaintiffs").  I submit this declaration in support of Plaintiffs' compliance and inventory report pursuant to the Court's Order, dated February 25, 2021 (ECF Doc. 9 (the "Order")).  I have personal knowledge of the facts contained herein unless stated otherwise.

2. Pursuant to the Order, the Court ordered that, "pursuant to 15 U.S.C. § 1116(d)(9), the United States Marshals Service or other Federal law enforcement officials . . . together with Plaintiffs' representatives, are hereby authorized to use the reasonable force necessary to carry out the seizure as provided herein, and Defendants shall surrender for seizure", among other things:  (i) "[a]ll counterfeit products bearing any of the GELISH marks, or any other marks substantially similar to the GELISH marks" (collectively, "Counterfeit Product"); and (ii) "[a]ll documents, things, and records of any kind relating to the importation, purchase, acquisition, manufacture, insurance of, shipping, storage, advertising, promotion, sale, offering for sale, distribution, shipping and/or transfer of counterfeit products".  (Order at 8.)

3. On May 4, 2021, I accompanied the United States Marshals as they conducted a counterfeit seizure raid at 434 U.S.-46, South Hackensack, NJ 07606, which is the business address of Defendant Luxe Nails & Spa (the "Salon").  During the raid, there was a display wall of Counterfeit Product immediately adjacent to the entrance of the Salon; this is shown below in Figure 1.  The Counterfeit Product on the display wall showed signs of usage—*i.e.*, much of the Counterfeit Product I physically examined had been previously opened and had been used.  An example of an individual unit of the Counterfeit Product on the display wall is shown below in Figure 2.  With the assistance of the United States Marshals, I packaged all of the Counterfeit Product contained on the display wall, which amounted to more than 380 individual units of Counterfeit Product.



**FIGURE 1: COUNTERFEIT PRODUCT ON DISPLAY WALL**



**FIGURE 2: CLOSE-UP OF COUNTERFEIT PRODUCT FROM DISPLAY WALL**

3

4. In addition, during the raid, a member of the United States Marshals gained access to a storage space of the Salon, which the employees at the Salon failed to disclose existed, after numerous questions from both the United States Marshals and me. The member of the United States Marshals learned about the storage space through the owner of the business immediately adjacent to the Salon. The storage space was a shared storage space in between the two businesses, and it was directly accessible through a door in the back of the Salon. While the employees at the Salon disclaimed ownership of the stored materials, the owner of the neighboring business identified for the United States Marshals and me the specific part of the storage area that was designated for the Salon's use. This area contained numerous boxes, one of which was a package shipped from China directly to the Salon's business address ("Box 1"). The package was already open and contained numerous miniature boxes inside. I opened the miniature boxes and discovered additional Counterfeit Product; this Counterfeit Product appeared to be brand new and previously unopened and unused. Figures 3 and 4 below show Box 1, including and the miniature boxes inside. With the assistance of the United States Marshals, I seized Box 1, which contained 23 miniature boxes, most of which contained six to twelve individual units of Counterfeit Product.



**FIGURE 3: RECEIVED SHIPMENT OF COUNTERFEIT PRODUCT**



**FIGURE 4:  CLOSE-UP OF COUNTERFEIT PRODUCT IN BOX 1**

5. Moreover, I identified an open box ("Box 2") that contained what appeared to be a loose collection of previously opened and used Counterfeit Product. Some of the Counterfeit Product appeared to have been leaking within the box. Further, Box 2 contained a Styrofoam shipping package, which, in turn, contained additional Counterfeit Product. With the assistance of the United States Marshals, I seized Box 2.

6. After the seizure, I personally delivered the Counterfeit Product from the wall display, Box 1 and Box 2 to the law office of Polsinelli PC, which is located at 600 Third Avenue, New York, NY 10016. The seized items currently are in a locked and secure storage space in the office.

7. In addition to the seized materials, I took photographs of professional licenses that were public displayed at the Salon. Two such licenses are for Ky M. Nguyen ("K. Nguyen"), and Giau Nguyen ("G. Nguyen"). Critically, G. Nguyen is listed as the recipient on the shipping label attached to Box 1, which is reflected in Figure 5 below. The employees at the Salon identified K. Nguyen as the "owner" of the Salon. K. Nguyen and G. Nguyen are being joined as Doe Defendants "1" and "2" in the concurrently filed First Amended Complaint.



**FIGURE 5:  SHIPPING LABEL ON BOX 1**

8.     A third individual, Cuong Hung Nguyen ("C. Nguyen"), upon request, provided his driver license to a member of the United States Marshals.  Significantly, C. Nguyen's driver license lists the second authorized seizure location in the Order—*i.e.*, 3224 Grand Concourse, #G21, Bronx, NY 10458 (Order at 9)—as his home address.  My colleague, Morgan Fiander, accompanied by the United States Marshals, went to this address pursuant to the Order.  Nobody was home at this address, and a decision was made not to break into home.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  March 9, 2021
         New York, New York



DARNELL STANISLAUS

6